[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10857
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24088-MGC


LESTHER TRUJILLO,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 23, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Lesther Trujillo appeals pro se from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In his complaint, Trujillo alleged that the red light traffic cameras used in Florida are unconstitutional because they automatically ticket the registered owner of the violating car, without proof that the registered owner was driving at the time of the violation. He further alleged that the cameras are unconstitutional because they force the registered owner to incriminate himself or another person by either paying the ticket or avowing that someone else was driving the car at the time of the violation. The district court dismissed his complaint for failure to state a claim on which relief could be granted because he failed to cite to any provision of either the U.S. or Florida Constitution, and because he failed to allege a concrete injury, and therefore, lacked standing. On appeal, Trujillo argues that it was error for the district court to dismiss his complaint. After careful review, we affirm.

We review issues of standing de novo. DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008).

Standing is a threshold jurisdictional question which must be addressed prior to, and independent of, the merits of a party's claim. Id. The party invoking federal jurisdiction bears the burden of proving the essential elements of standing, although

2

at the pleading stage, general factual allegations of injury may suffice.  Id.  Standing involves both constitutional and prudential elements.  Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994).  In order to satisfy Article III requirements of standing, a plaintiff must show that: (1) he has suffered an injury in fact which is concrete and particularized as well as actual or imminent; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable ruling.  Id.  In addition to these constitutional requirements, prudential standing requires that the plaintiff asserts his own rights and not the rights of others, that federal courts not adjudicate generalized grievances, and that plaintiff's complaint falls within the zone of interests protected by the statute in question.  Id.

Under § 1915, district courts have discretion to dismiss, at any time, in forma pauperis complaints that fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement" of both (1) the grounds for the district court's jurisdiction and (2) the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P.8(a).  Dismissal of the complaint is appropriate if the complaint, on its face, does not state a plausible claim for relief.

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Trujillo failed to meet Article III requirements of standing. He did not allege in his complaint any injury in fact that occurred to him as a result of Florida's use of red light traffic cameras. For example, he never alleged that he received a notice or a citation indicating that he was ticketed pursuant to the red light cameras. Though he did state on appeal that he received a citation, he was required to plead that in his complaint in order to assert that he had proper standing. See DiMaio, 520 F.3d at 1301. The mere fact that Trujillo is a Florida resident and is therefore subject to being ticketed pursuant to the cameras is too speculative to form the basis of Article III standing. See id.

Moreover, even if Trujillo's statement in his brief that he received a citation sufficiently established standing, it was still proper for the district court to dismiss because he failed to cite to (1) the Florida statutory scheme he wished to challenge, (2) any specific constitutional provision, or (3) a factual basis for his claim. As a result, the district court was left to speculate on how Trujillo was ticketed, the process by which the state prosecuted Trujillo, and how the prosecution violated Trujillo's constitutional rights. While pro se complaints are liberally construed, the district

4

court cannot act as Trujillo's counsel.  See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).  Without any facts at all, Trujillo's complaint contains only legal conclusions couched as factual allegations, and the district court was not bound to accept such legal conclusions.  See Iqbal, 556 U.S. at 678.  Accordingly, the district court did not err in dismissing Trujillo's complaint pursuant to § 1915(e)(2)(B)(ii), and we affirm.

**AFFIRMED.**